1  MICHAEL L. TRACY, ESQ., SBN 237779
2  mtracy@michaeltracylaw.com
   MEGAN ROSS HUTCHINS, ESQ., SBN 227776
3  mhutchins@michaeltracylaw.com
   LAW OFFICES OF MICHAEL TRACY
4  2030 Main Street, Suite 1300
5  Irvine, CA  92614
   T: (949) 260-9171
6  F: (866) 365-3051

7  Attorneys for Plaintiff MOHD AYUB KHAN

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11 MOHD AYUB KHAN, an individual, on        Case No.:
   behalf of himself and on behalf of The State   C09   05155
12 of California Labor and Workforce
   Development Agency as a Private Attorney   COMPLAINT FOR UNPAID
13 General                                  OVERTIME UNDER CALIFORNIA
                                            LABOR CODE, IMPROPER PAY
14                                          STUBS, WAITING TIME PENALTIES,
          Plaintiff,                        OVERTIME UNDER THE FLSA, AND
15                                          UNFAIR BUSINESS PRACTICES

16      vs.
                                            PRIVATE ATTORNEY GENERAL
17 FLEXTRONICS INTERNATIONAL USA,           CLAIMS FOR UNPAID OVERTIME,
   INC., A CALIFORNIA CORPORATION;          IMPROPER PAY STUBS, AND
18 and DOES 1 through 10, inclusive,        IMPROPER RECORD KEEPING

19        Defendants.                       DEMAND FOR JURY TRIAL

20

21

22
   Plaintiff, MOHD AYUB KHAN, alleges:
23
                        **JURISDICTION**
24
       1.     This Court has jurisdiction over this mater because this complaint alleges a
25
   federal question in that violations of 29 U.S.C. §201 et seq. are alleged.
26
       2.     This court has supplemental jurisdiction of all the State law claims under 28
27
   U.S.C. § 1367(a).  The State law claims are all related to the same facts – namely whether
28

1 was willful. The failure to provide proper pay checks stubs is also directly related to the

2 FLSA claims because Plaintiff is alleging that the pay check stubs are inaccurate because

3 they did not list the overtime required by the FLSA. The waiting time penalty claim is

4 directly related to whether the failure to pay overtime required by the FLSA was willful.

5 As such, all the claims make up the same case or controversy under Article III of the United

6 States Constitution.

## GENERAL ALLEGATIONS

7

8     3.     This action was previously filed in the County of Santa Clara as case number

9 109CV152574 on September 18, 2009, and as such all statutes of limitation are tolled to

10 that date.

11     4.     This Court is the proper court and this action is properly filed in the County

12 of Santa Clara and in this judicial district because Defendants do business in the County of

13 Santa Clara, and because Defendants' obligations and liabilities arise therein, and because

14 the work that was performed by Plaintiff in the County of Santa Clara is the subject of this

15 action. Venue as to each defendant is proper in this judicial district, pursuant to Code of

16 Civil Procedure §395.

17     5.     This complaint contains causes of action brought pursuant to Labor Code §

18 2698, et seq. which allows Plaintiff to sue on behalf of the State of California Labor and

19 Workforce Development Agency ("LWDA") as a Private Attorney General. Pursuant to

20 Labor Code § 2699(i), 75% of any penalties recovered under this third type of action will

21 be paid to the LWDA, with the Plaintiff receiving the remaining 25%.

22     6.     Private Attorney General Act causes of action do not require class

23 certification.

24     7.     The true names and capacities of DOES 1 through 10 are unknown to

25 Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend

26 this Complaint to show their true names and capacities when they have been ascertained.

27 Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are

28 residents of California.

-2-
COMPLAINT FOR LABOR VIOLATIONS

1        8.     Plaintiff is informed and believes that Defendants, each and all of them, at all

2  times material hereto, were the joint employers, parent companies, successor companies,

3  predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,

4  fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants.

5  The Defendants, unless otherwise alleged, at all times material hereto, performed all acts

6  and omissions alleged herein within the course and scope of said relationship, and are a

7  proximate cause of Plaintiff's damages as herein alleged.

8                                                **PARTIES**

9        9.     Plaintiff MOHD AYUB KHAN ("KHAN") was jointly employed by

10  Defendants from July 2, 2007 through April 17, 2009.

11        10.    Defendant FLEXTRONICS INTERNATIONAL USA, INC.

12  ("FLEXTRONICS") is a California corporation doing business in the County of Santa

13  Clara, State of California.

14                 **PRIVATE ATTORNEY GENERAL ALLEGATIONS**

15        11.    Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act

16  ("PAGA") of 2004, Plaintiff is entitled to recover civil penalties on behalf of himself and

17  other current or former employees provided the notice and other procedures prescribed by

18  the statute are followed.

19        12.    Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections

20  226, subdivision (a), 510, 226.7, 1198, and 212. These sections are all listed in Cal. Labor

21  Code § 2699.5. As such, the procedures for this action are specified in Cal. Labor Code §

22  2699.3(a).

23        13.    Plaintiff is an aggrieved employee of some of these labor violations as set out

24  in this complaint. He brings the PAGA causes of action for violations against all

25  AGGRIEVED EMPLOYEES, as defined below.

26        14.    Plaintiff's attorney gave written notice by certified mail to the Labor and

27  Workforce Development Agency ("LWDA") and Defendants stating the above mentioned

28  code violations with facts to support each allegation. The certified mail was postmarked

1  July 23, 2009.

2      15.    The LWDA notified Plaintiff by certified mail in a letter dated August 20,

3  2009 that they do not intend to investigate the allegations. As such, Plaintiff may

4  commence a civil action pursuant to Cal. Labor Code § 2699.

5      16.    Cal. Labor Code § 2699(i) requires that any civil penalties be split with 75%

6  paid to the LWDA and 25% paid to Plaintiff.

7      17.    The PAGA causes of action are brought for labor violations committed on the

8  following group of AGGRIEVED EMPLOYEES: (1) All employees who are primarily

9  engaged in installing, configuring, or maintaining computer database systems, (2) all

10  employees who are primarily engaged in the analysis, design, development, or testing of

11  computer software, (3) all employees who are primarily engaged in the installation,

12  maintenance, or troubleshooting of computer networks, and (4) all employees who are

13  primarily engaged in the installation, maintenance, or troubleshooting of computer

14  hardware, desktop computers, or servers.

15                          **FIRST CAUSE OF ACTION**

16      **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

17      **INDUSTRIAL WELFARE COMMISSION ORDERS AND CAL.  LABOR CODE**

18                      **(AGAINST FLEXTRONICS and DOES 1-5)**

19      18.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

20      19.    This cause of action is brought against FLEXTRONICS and DOES 1-5,

21  jointly and individually.

22      20.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California

23  Code of Regulations, Title 8, § 11040, for the period of Plaintiff's employment, Defendants

24  were required to compensate Plaintiff for all overtime, which is calculated at one and one-

25  half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or

26  forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in

27  excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh

28  consecutive work day in a week.

1    21.    Plaintiff KHAN worked more than eight (8) hours in a single workday or

2    forty (40) hours in a single workweek on numerous occasions.

3    22.    Plaintiff KHAN was entitled to the above overtime premiums.

4    23.    Defendants did not pay Plaintiff premium wages of at least one and one-half

5    times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

6    24.    Defendants did not pay Plaintiff premium wages of at least one and one-half

7    times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

8    25.    Defendants did not pay Plaintiff premium wages of at least two times

9    Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

10    26.    Plaintiff KHAN worked at least one pay period in which he was not properly

11    paid overtime within the three (3) years prior to the initiation of this lawsuit.

12    27.    Defendants know or should know the actual dates of overtime worked, the

13    amount of overtime worked, and the amount of unpaid overtime due.

14    28.    As a proximate result of Defendants' violations, Plaintiff KHAN has been

15    damaged in an amount in excess of $83,681 and subject to proof at time of trial.

16    29.    Pursuant to Labor Code §§ 218.5, 218.6, 510, 1194 and California Code of

17    Regulations, Title 8, § 11040, Plaintiff KHAN is entitled to recover damages for the

18    nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus

19    reasonable attorney's fees and costs of suit.

20    ## SECOND CAUSE OF ACTION

21    ## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

22    ## UNDER LABOR CODE SECTION 226

23    ## (AGAINST FLEXTRONICS and DOES 1-5)

24    30.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 29.

25    31.    This cause of action is brought against FLEXTRONICS and DOES 1-5,

26    jointly and individually.

27    32.    Pursuant to Labor Code § 226, every employer must furnish each employee

28    an itemized statement of wages and deductions at the time of payment of wages.

33.     Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

34.     Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

35.     Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

36.     Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST FLEXTRONICS and DOES 1-5)

37.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 36.

38.     This cause of action is brought against FLEXTRONICS and DOES 1-5, jointly and individually.

39.     Plaintiff's employment with Defendants was terminated on April 17, 2009.

40.     Defendants willfully refused and continues to refuse to pay Plaintiff KHAN unpaid wages as required by Labor Code § 203.  Defendants know that the pay is due and are refusing to pay it.

41.     Plaintiff KHAN requests damages and penalties as provided by Labor Code § 203 in the amount of $14,309 and subject to proof at time of trial.

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

42.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 41.

43.     This cause of action is against all Defendants, jointly and individually.

44.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the

1  regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal

2  additional amount as liquidated damages, as well as costs and attorney's fees.

3       45.    Plaintiff worked numerous weeks in excess of forty (40) hours.

4       46.    Plaintiff was entitled to the above overtime premiums.

5       47.    Defendants failed to compensate Plaintiff for any overtime premiums.

6       48.    This court has jurisdiction over this cause of action because the federal statute

7  specifically grants the employee the right to bring the action in "any Federal or State court

8  of competent jurisdiction." 29 U.S.C. § 216(b).

9       49.    Plaintiff worked at least one week in which overtime premiums were not paid

10  by Defendants under the Fair Labor Standards Act within the two (2) years prior to

11  initiating this lawsuit.

12      50.    Plaintiff's individual employment is covered by the terms of the Fair Labor

13  Standards Act.

14      51.    Defendant FLEXTRONICS was the employer of Plaintiff, as the term

15  "employer" is defined in the Fair Labor Standards Act.

16      52.    Defendant FLEXTRONICS was an enterprise covered by the provisions of

17  the Fair Labor Standards Act for the entire time of Plaintiff's employment.

18      53.    Defendant FLEXTRONICS conducted business with a total gross sales

19  volume in excess of $500,000 for each and every twelve (12) month period in which

20  Plaintiff was employed.

21      54.    Defendant FLEXTRONICS employed at least two (2) employees during each

22  and every 12 month period in which Plaintiff was employed.

23      55.    DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined

24  in the Fair Labor Standards Act.

25      56.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

26      57.    Plaintiff prays for judgment for overtime pay of $83,681. This amount is

27  subsumed by the overtime pay claimed in the First Cause of Action.

28      58.    Plaintiff prays for judgment for liquidated damages in the amount of $83,681.

-7-

1   This amount is supplemental to the relief requested in all other causes of action.

2       59.    Plaintiff prays for costs and attorney's fees.

3   ## FIFTH CAUSE OF ACTION

4   ## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

5   ## CODE SECTION 17200

6   ## (AGAINST FLEXTRONICS and DOES 1-5)

7       60.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 59.

8       61.    This cause of action is brought against FLEXTRONICS and DOES 1-5,

9   jointly and individually.

10       62.    By failing to pay overtime premiums, Defendants' acts constitute unfair and

11   unlawful business practices under Business and Professions Code § 17200, et seq.

12       63.    Plaintiff KHAN prays for restitution under this Cause of Action in an amount

13   subject to proof at time of trial.

14   ## SIXTH CAUSE OF ACTION

15   ## CIVIL PENALTIES FOR OVERTIME VIOLATIONS

16   ## (AGAINST ALL DEFENDANTS)

17       64.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 63.

18       65.    This cause of action is brought against all Defendants jointly and individually.

19       66.    Plaintiff KHAN is informed and believes that all AGGRIEVED

20   EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab.

21   Code §§ 510 and 558.

22       67.    At least one such violation against an AGGRIEVED EMPLOYEE occurred

23   within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

24       68.    Cal. Labor Code § 558 provides that an "employer or other person acting on

25   behalf of an employer" who causes such a violation will be subject to a $50 penalty for

26   each pay period for each employee.

27       69.    Cal. Labor Code § 2699(g) provides that any "employee who prevails in any

28   action shall be entitled to an award of reasonable attorney's fees and costs."

70.   Plaintiff KHAN prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS

### (AGAINST FLEXTRONICS and DOES 1-5)

71.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 70.

72.   This cause of action is brought against FLEXTRONICS and DOES 1-5, jointly and individually.

73.   Cal. Labor Code § 226(a)(9) requires that the employer provide a pay stub that lists "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

74.   Cal. Labor Code § 226(a)(1) requires that the gross wages earned by the employee.

75.   Plaintiff KHAN is informed and believes that Defendants failed to comply with Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

76.   At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

77.   Cal. Labor Code § 226.3 provides that any employer who violates § 226(a) will be subject to a civil penalty of $250 per employee per pay period.

///

78.   Plaintiff KHAN prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILING TO KEEP RECORDS

### (AGAINST FLEXTRONICS and DOES 1-5)

79.   Plaintiff KHAN refers to and incorporates by reference Paragraphs 1 through 78.

80.   This cause of action is brought against FLEXTRONICS and DOES 1-5,

1 | jointly and individually.

2 |      81.    California Code of Regulations, Title 8, § 11040 requires that the employer
3 | keep track of the start and stop time of each shift and the start and stop time for each meal
4 | break.

5 |      82.    Plaintiff KHAN is informed and believes that Defendants willfully failed to
6 | keep proper start and stop time records for all AGGRIEVED EMPLOYEES.

7 |      83.    At least one such violation against an AGGRIEVED EMPLOYEE occurred
8 | within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

9 |      84.    Cal. Lab. Code § 1174(d) required employers to keep accurate records as
10 | required by the Wage Order, and as such is actionable under Cal. Lab. Code § 2698, et seq.

11 |      85.    Plaintiff KHAN prays for civil penalties in an amount in excess of $500 and
12 | subject to proof at time of trial, costs and reasonable attorney's fees.

13 |

14 | **WHEREFORE**, Plaintiff prays for the following relief:

15 |      1. Damages for overtime not paid to Plaintiff KHAN in an amount in excess of
16 | $83,681 and subject to proof at trial.

17 |      2. For liquidated damages in the amount of $83,681 and subject to proof at trial.

18 |      3. For damages and penalties under Labor Code § 226 for Plaintiff KHAN in an
19 | amount subject to proof at trial.

20 |      4. For penalties and damages pursuant to Labor Code § 203 for Plaintiff KHAN
21 | in an amount of $14,309 and subject to proof at trial.

22 | ///

23 |      5. For restitution and disgorgement for all unfair business practices against
24 | Plaintiff KHAN in an amount subject to proof at trial.

25 |      6. For prejudgment and post judgment interest.

26 |      7. Civil penalties under the Private Attorney General Act in an amount in excess
27 | of $400,000 and subject to proof at trial.

28 |      8. Cost of suit.

1      9. Attorneys' fees.

2      10. For such other and further relief as the court may deem proper.

3

4   DATED:  October 19, 2009                    LAW OFFICES OF MICHAEL TRACY

5

6                                         By: _____

7                                              MEGAN ROSS HUTCHINS, Attorney for
                                              Plaintiff MOHD AYUB KHAN
8

9

10                          **DEMAND FOR JURY TRIAL**

11   Plaintiff demands a jury trial.

12   DATED:  October 19, 2009                    LAW OFFICES OF MICHAEL TRACY

13

14                                         By: _____

15                                              MEGAN ROSS HUTCHINS, Attorney for
                                              Plaintiff MOHD AYUB KHAN
16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR LABOR VIOLATIONS